DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment of conviction and sentence. Mark A. Murray, defendant below and appellant herein, pled guilty to bribery in violation of R.C. 2921.02. Appellant assigns the following errors for review:
First Assignment of Error:
"The trial judge erred in sentencing the defendant to more than the minimum sentence."
Second Assignment of Error:
"The trial court erred in refusing to allow the defendant to testify on his own behalf at sentencing."
Third Assignment of Error:
"The trial court erred by sentencing the defendant to more than the prosecutor's recommendation and failing to state reasons for the departure."
 {¶ 2} Appellant was hired as a Corrections Officer in 1994 by the Ohio Department of Rehabilitation and Correction. In 2004, he worked as a guard at the Corrections Reception Center (CRC) in Pickaway County. At some point, a confidential informant told authorities that appellant was involved in transporting drugs into CRC for a prisoner named "Chico."
 {¶ 3} Subsequently, an undercover agent met appellant at a rest area on US Route 23 in Pickaway County. Appellant approached the agent's vehicle and took from the agent a bag containing a (¼) quarter pound of marijuana, ten Oxycontin pills and $2,000. When appellant stated that he would get the drugs to Chico, he was promptly arrested.
 {¶ 4} The Pickaway County Grand Jury returned an indictment charging appellant with bribery in violation of R.C. 2921.02, illegal conveyance of drugs into a state detention facility in violation of R.C. 2921.36(A)(2), and drug possession in violation of R.C. 2925.11. Appellant agreed to plead guilty to count one (bribery) in exchange for dismissal of the other two counts and the state's recommendation that he serve one year in prison. The trial court accepted appellant's guilty plea and passed the matter for pre-sentence investigation.
 {¶ 5} Prior to sentencing, appellant filed a "sentencing memorandum" and outlined his prior history and discussed his "serious drug addiction to cocaine." (Emphasis in original). Appellant related that he was currently in treatment for his addiction and that, in light of the particular facts and circumstances of his case, the state's resources would be better spent with a community control sentence rather than a prison sentence.
 {¶ 6} At the sentencing hearing defense counsel attempted to call appellant as a witness to testify. The trial court would not take formal testimony, but did allow appellant to make a statement. Appellant apologized for his actions and explained that he was trying to get his "life back together."
 {¶ 7} After its review of the facts of the case, as well as the statutory "seriousness factors," the trial court declined to impose community control. Instead, the court sentenced appellant to two years imprisonment. The court expressly stated that it worried about the message it might send to others who thought about transporting drugs into prison facilities if the sentence imposed for this offense was simply community control. This appeal followed.
 I {¶ 8} Appellant asserts in his first assignment of error that the trial court erred in imposing a prison sentence greater than the statutory minimum. Although the trial court found that a minimum sentence would demean the seriousness of the offense, appellant contends that such finding is not borne out by the record. We disagree.
 {¶ 9} Our analysis begins with the proposition that bribery is a third degree felony. R.C. 2921.02(E). The available sentences for third degree felonies are one, two, three, four and five years imprisonment. R.C.2929.14(A)(3). When imposing a prison sentence on someone who has not previously been incarcerated, a trial court is required to impose the minimum sentence unless it finds on the record "that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Id. at (B)(2).
 {¶ 10} We find no indication in this case that appellant has served a prison sentence. Thus, the trial court was required to impose the minimum sentence unless it found that such a sentence demeaned the seriousness of the offense.[1] The court did just that and, rather than a one year sentence, opted to impose the next highest sentence (a two year term of imprisonment). In so doing, the court made the requisite finding that a minimum sentence would demean the seriousness of the offense. Appellant argues that nothing in the record supports that finding. Once again, we disagree.
 {¶ 11} The Ohio Supreme Court has consistently held that R.C. 2929.14(B) does not require trial courts to state their reasons for finding that a minimum sentence would demean the seriousness of the offense. See Statev. Comer, 99 Ohio St.3d 463, 793 N.E.2d 473, 2003-Ohio-4165 at ¶ 26, fn.2; State v. Edmonson, 86 Ohio St.3d 324, 715 N.E.2d 131, 1999-Ohio-110, at the syllabus. A court need only indicate that it engaged in the required analysis. Edmonson, supra at 326. We conclude that in the case at bar the trial court did engage in this analysis.
 {¶ 12} The trial court expressly cited appellant's drug addiction as a contributing factor to this offense and noted that appellant did not seek assistance for his addition until he faced criminal prosecution. Moreover, the court expressly noted that appellant's actions put other people's lives at risk. Appellant was not simply bribed to exert influence to achieve a favorable outcome with a state contract or something of that nature. Rather, he accepted a bribe to take drugs into a prison which, as the trial court correctly noted, placed the lives of everyone at the prison at risk. The availability of drugs in prison is a serious problem and, as the trial court correctly noted, a message must be provided to others who contemplate similar actions.
 {¶ 13} For these reasons, we believe that the trial court engaged in the requisite statutory analysis and we reject appellant's claim that the record does not support the court's finding that a minimum sentence would demean the seriousness of this offense. Accordingly, we hereby overrule appellant's first assignment of error.
 II {¶ 14} Appellant argues in his second assignment of error that the trial court erred in denying him the opportunity to present evidence at his sentencing hearing. We reject this argument for a number of reasons.
 {¶ 15} First, appellant has not cited any authority for the proposition that he is entitled to be sworn as a witness and to present evidence. R.C. 2929.19(A)(1) requires a trial court to hold a sentencing hearing during which it must allow an offender to "present information relevant to the imposition of sentence in the case." Likewise, Crim.R. 32(A) states that, at the time of imposing sentence, the trial court must "address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." These provisions allow for the right of "allocution," but do not mention allowing a defendant to swear in witnesses to present evidence.
 {¶ 16} Further, the sentencing hearing transcript reveals that appellant was afforded his allocution rights and did, in fact, make a statement to the court. Appellant apologized and related how he was undergoing "treatment to better [him]self" (presumably for drug addiction) and how he was trying to get his "life back together." Even though he was not under oath at the time, appellant had the opportunity to present whatever information he wanted to present to the trial court.[2] Thus, appellant was fully afforded the opportunity to present that information to the court.
 {¶ 17} Finally, assuming arguendo that appellant had a right to present sworn testimony at his sentencing hearing, and assuming that he did not present that evidence during allocution, we would find no reversible error because we find no prejudice. Generally speaking, reversible error cannot be predicated on a ruling that excludes evidence unless the evidence was proffered to the court or it was clear from the context. Evid.R. 103(A). We find nothing in the record to substantiate what sort of material, if any, that appellant wanted to present to the court. Appellant did not make a proffer and counsel did not mention the evidence that appellant wished to present.
 {¶ 18} We also point out that if the testimony appellant intended to present was intended to address his drug addiction, his remorse or his family background, these issues were wellcovered, not only in the "sentencing memorandum," but also by counsel during the sentencing hearing and by appellant himself. Thus, we fail to see how appellant was prejudiced. Moreover, as we stated above, even though appellant could not present sworn testimony, he was permitted to make whatever unsworn statement he wanted. For all these reasons, we find no merit in the second assignment of error and it is, accordingly, overruled.
 III {¶ 19} In his final assignment of error appellant argues that the trial court erred in not accepting the terms of the plea agreement and in sentencing him to the one year prison sentence recommended by the state. Alternatively, he contends that the court erred by not at least stating its reasons when it diverged from the terms of the plea agreement and imposed a longer prison sentence.
 {¶ 20} We begin our analysis with the well-settled proposition that plea agreements are not binding on trial courts. See State v. Elliot
(1993), 86 Ohio App.3d 792, 797, 621 N.E.2d 1272; State v. Greulich
(1988), 61 Ohio App.3d 22, 26, 572 N.E.2d 132; Akron v. Ragsdale
(1978), 61 Ohio App.2d 107, 109, 399 N.E.2d 119. Thus, the trial court was not bound by the agreement between appellant and the State. Appellant was aware of that fact because the "Petition to Enter Plea of Guilty" he executed stated "I also understand that if I plead `Guilty' to the charges against me, the Court may impose the same punishment as if I had plead `Not Guilty,' stood trial and had been convicted by a jury." In short, the trial court was not bound by the State's recommendation.[3]
 {¶ 21} Moreover, this Court and others have held that punishment is not subject to negotiated pleas. Rather, this is an issue that is covered by statute or — to whatever extent discretion still exists in the felony sentencing — to the discretion of the trial court. See State v. Matthews
(1982), 8 Ohio App.3d 145, 146, 456 N.E.2d 539; also see State v.Ellis (Jun. 14, 1996), Montgomery App. No. 15444; State v. Jewell (Jan. 24, 1995), Meigs App. Nos. 94CA04 94CA05; State v. Morehouse (Jan. 4, 1993), Meigs App. No. 92CA748; State v. Collier (Jun. 11, 1987), Cuyahoga App. No. 51993. The State could recommend that appellant be sentenced to one year in prison — and, in fact, made that recommendation during the sentencing hearing — but punishment could not properly be considered part of the plea.
 {¶ 22} Additionally, even if punishment was subject to the plea agreement, and even if the trial court was obligated to consider that agreement in sentencing, we believe that the court cited sufficient reasons to depart from the parties' sentencing recommendation. A review of the hearing transcript reveals that the trial court was concerned about two things: (1) appellant's crime was particularly egregious because it involved conveying drugs into a prison and put in danger every other prison guard, civilian worker and prisoner at that institution; and (2) the court wanted to convey a message that this behavior is serious and will not be excused. The trial court explicitly noted its concern that anything short of this sentence would not serve as a proper determent. The court's comments on these two factors make it obvious why it did not accept the state's recommended one year prison sentence.
 {¶ 23} For all these reasons, we hereby overrule appellant's third assignment of error.
 {¶ 24} Having reviewed all of the errors assigned and argued in the briefs, and having found merit in none of them, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment Opinion
[1] The pre-sentence investigation report shows that appellant was charged with, among other things, assault, criminal damaging, resisting arrest and disorderly conduct when he was nineteen. He was charged with a number of offenses after that, but they were all either dismissed or were misdemeanor charges that carried no prison time. We presume, as did the trial court and the parties, that appellant has never served a prison sentence.
[2] The only witness appellant wanted to call during the sentencing phase was himself. Thus, whatever information he wanted to present, he had the opportunity to present during his statement to the court.
[3] We also note that the State only agreed to "recommend" a one year sentence. Nothing in the terms of the plea agreement guarantee that appellant would receive the one year sentence.