**[Cite as *State v. Bever*, 2014-Ohio-600.]**

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 13CA21 |
| v. | : | |
| | | <u>DECISION AND</u> |
| WILBURN ERIC BEVER, | : | <u>JUDGMENT ENTRY</u> |
| Defendant-Appellant. | : | RELEASED 02/18/2014 |

<u>APPEARANCES:</u>

Stephen K. Sesser, Benson, McHenry & Sesser, LLC, Chillicothe, Ohio, for Appellant.

James E. Schneider, Washington County Prosecuting Attorney, and Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.

Hoover, J.

{¶ 1} Defendant-appellant, Wilburn Eric Bever, appeals from the sentences he received in the Washington County Common Pleas Court after he entered guilty pleas to one count of sexual battery and one count of gross sexual imposition. In his sole assignment of error, Bever contends, inter alia, that the trial court did not make the necessary statutory findings prior to imposing consecutive sentences for his convictions. Because the record reflects that Bever's claim has merit, the portion of the judgment imposing consecutive sentences is vacated, and the case is remanded for resentencing.

{¶ 2} Bever was originally indicted in this case for one count of rape, a first degree felony in violation of R.C. 2907.02(A)(1)(b)&(B), and one count of gross sexual imposition, a

third degree felony in violation of R.C. 2907.05(A)(4).  The charges related to sexual allegations involving Bever and his 6 and 8 year old daughters.[1]  Bever pled not guilty at his arraignment.

{¶ 3}  Eventually, Bever entered into a plea agreement with the state.  In exchange for the state's amendment of the rape charge, to a charge of sexual battery – a second degree felony in violation of R.C. 2907.03(A)(5)&(B) – Bever agreed to plead guilty to the amended charge of sexual battery and to the gross sexual imposition charge.  The trial court accepted Bever's pleas.

{¶ 4}  A sentencing hearing was held and the trial court heard from defense counsel, Bever, and the assistant county prosecutor.  At the conclusion of the hearing, the trial court ordered that Bever serve 7-years for the sexual battery conviction and 60-months for the gross sexual imposition conviction.  The trial court further ordered that the sentences be served consecutively, for a total aggregate sentence of 12-years.  Prior to imposing the sentences, the trial court noted the following:

> The sentences that the Court will give are consecutive.  It's necessary to protect
>
> the public and punish the offender and to protect them from future crime.  It's not
>
> disproportionate to the seriousness of offender's conduct.  The – there are
>
> multiple offenses; these are sex offenses and they're his own children.

{¶ 5}  Furthermore, in its sentencing entry, the trial court noted the following findings with respect to the imposition of consecutive sentences:

> (1)  Imposition of consecutive sentences is necessary to protect the public from
>
> future crime or to punish the offender.

---

[1] The state provides a much more detailed account of the allegations in its statement of facts section of its appellate brief.  However, the state's statement of facts is derived from the presentence investigation report, which is not a part of the appellate record.  Thus, we are only aware of the facts that are apparent from the trial record and sentencing transcript.

(2)  Imposition of consecutive sentences is not disproportionate to the seriousness

of the offenders conduct and to the danger the offender poses to the public.

(3)  Harm so great or unusual that a single term does not adequately reflect

seriousness of the conduct.

{¶ 6}  On appeal, Bever asserts the following assignment of error:

Assignment of Error:

> THE TRIAL COURT ERRED IN THAT IT ABUSED ITS DISCRETION
> WHEN IT SENTENCED APPELLANT TO A CUMULATIVE PRISON TERM
> OF TWELVE YEARS FOR BOTH CHARGES IN THIS MATTER.

{¶ 7}  Bever argues, in part, that his sentence is improper because the trial court failed to

follow the mandate of R.C. 2929.14(C)(4) to make findings prior to imposing consecutive terms.

We agree.

{¶ 8}   In previous cases, this Court has consistently applied the standard set forth in

*State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, when reviewing felony

sentences.  *See, e.g., State v. Swayne*, 4th Dist. Adams No. 12CA952, 12CA953, & 12CA954,

2013-Ohio-3747, ¶ 26.  Under the *Kalish* standard of review, "[f]irst, we 'must examine the

sentencing court's compliance with all applicable rules and statutes in imposing the sentence to

determine whether the sentence is clearly and convincingly contrary to law.' "  *Id.*, quoting

*Kalish* at ¶ 4.  "If the sentence is not clearly and convincingly contrary to law, we must review

the trial court's decision for an abuse of discretion."  *Id.*, citing *Kalish* at ¶ 4.

{¶ 9}  However, several Ohio appellate districts have declined to use the *Kalish* approach

in favor of the standard of review set forth in R.C. 2953.08(G)(2).  *See State v. White*, 2013-

Ohio-4225, 997 N.E.2d 629, ¶ 9 (1st Dist.) ("Thus, henceforth, we will apply the statutory

standard rather than the *Kalish* plurality framework to our review of felony sentences."); *State v.*

*Worth,* 10th Dist. Franklin No. 10AP–1125, 2012–Ohio–666, ¶ 83 (the court applied the

statutory test and noted that, as a plurality opinion, *Kalish* is of limited precedential value); *State v. Rodeffer*, 2nd Dist. Montgomery Nos. 25574, 25575, & 25576, 2013-Ohio-5759, ¶ 29 ("In order to be consistent with the approach of other Ohio appellate districts that have already considered this issue in light of H.B. No. 86, we will no longer apply the two-part test in *Kalish* when reviewing felony sentences controlled by H.B. 86. From now on we will use the standard of review set forth in R.C. 2953.08(G)(2)."); *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7 ("Accordingly, we find that the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences."); *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6 ("[F]rom this day forward, rather than continue to apply the two-step approach as provided by *Kalish,* we find 'the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences.' "); *State v. Fletcher*, 3rd Dist. Auglaize No. 2-13-02, 2013-Ohio-3076, ¶ 14 (utilizing R.C. 2953.08 to review a trial court's imposed sentence).

{¶ 10} The *Kalish* decision was an outgrowth of the Ohio Supreme Court's ruling in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, which declared portions of Ohio's felony sentencing statutes, requiring judicial fact finding, unconstitutional. In *Kalish*, the Ohio Supreme Court held that the "standard of review in R.C. 2953.08(G)(2) was no longer applicable 'because it expressly related to 'findings' that had been abrogated as unconstitutional.' " *Rodeffer* at ¶ 26, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 8 (8th Dist.). "The *Kalish* plurality is best understood as operating from the premise that because the findings requirements were unconstitutional and excised from the law, it also made sense to remove the standard of review that the legislature had crafted in conjunction with the findings requirements." *White* at ¶ 6.

{¶ 11} Following the *Kalish* decision, the United States Supreme Court ruled that it was constitutionally permissible to require judicial fact-finding as a prerequisite for the imposition of consecutive sentences. *See Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009). Subsequently, the Ohio Supreme Court acknowledged that the General Assembly could legislate in this area pertaining to the imposition of consecutive sentences. *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 36.

{¶ 12} In 2011, the Ohio legislature passed 2011 Am.Sub.H.B. No. 86 ("H.B. 86"). This new legislation, effective September 30, 2011, revived the judicial fact-finding requirement for consecutive sentences, but did not revive the requirement for maximum and more than the minimum sentences. *White*, 2013-Ohio-4225, 997 N.E.2d 629 at ¶ 7. H.B. 86 also reenacted the standard of review provisions of R.C. 2953.08(G)(2) which state:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 13}  In determining whether this Court should apply the statutory standard in R.C. 2953.08(G)(2), instead of the *Kalish* two step approach, "[w]e must presume the legislature knew what it was doing when it reenacted the [statutory] standard of review." *White* at ¶ 9.  We cannot justify applying an abuse of discretion standard, as in the second prong of the *Kalish* approach, where the legislature has specifically stated that the standard of review is *not* an abuse of discretion standard.  *Id.*; R.C. 2953.08(G)(2).  Henceforth, we shall apply the standard set forth in R.C. 2953.08(G)(2) when reviewing felony sentences.

{¶ 14}  R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4); or (2) the sentence is otherwise clearly and convincingly contrary to law.  The appellate court's standard of review is not whether the sentencing court abused its discretion.  R.C. 2953.08(G)(2).

{¶ 15}  R.C. 2929.14(C)(4) sets forth certain findings that a trial court must make prior to imposing consecutive sentences.  *State v. Black*, 4th Dist. Ross No. 12CA3327, 2013-Ohio-2105, ¶¶ 56-57.  That is, under Ohio law, unless the sentencing court makes the required findings set forth in R.C. 2929.14(C)(4), there is a presumption that sentences are to run concurrently. *Black* at ¶ 56; R.C. 2929.41(A).

{¶ 16}  Under R.C. 2929.14(C)(4), a sentencing court must engage in a three-step analysis and make certain findings before imposing consecutive sentences.  *Black* at ¶ 57; *State v. Clay*, 4th Dist. Lawrence No. 11CA23, 2013-Ohio-4649, ¶ 64; *State v. Howze*, 10th Dist. Franklin Nos. 13AP-386 & 13AP-387, 2013-Ohio-4800, ¶ 18.  Specifically, the sentencing court

must find that (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 17}  While the sentencing court is required to make these findings, it is not required to give reasons explaining the findings.  *Howze* at ¶ 18; *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 23.  Furthermore, the sentencing court is not required to recite any "magic" or "talismanic" words when imposing consecutive sentences.  *Clay* at ¶ 64; *Howze* at ¶ 18; *Stamper* at ¶ 23.  However, it must be clear from the record that the sentencing court actually made the required statutory findings.  *Clay* at ¶ 64; *Howze* at ¶ 18; *Stamper* at ¶ 23. A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence

contrary to law. *Stamper* at ¶ 23; *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2013-Ohio-5424, ¶ 22. The findings required by the statute must be separate and distinct findings; in addition to any findings relating to the purposes and goals of criminal sentencing. *Nia* at ¶ 22.

{¶ 18} In the instant case, Bever does not argue that his sentence was clearly and convincingly contrary to law. Rather, Bever contends that the trial court's decision to run his 7-year prison term for sexual battery consecutively to his 60-month prison term for gross sexual imposition resulted in an "abuse of discretion." As noted above, this court's standard for review "is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). Nonetheless, in the interest of justice and equity, we will review the judgment under the standard provided by R.C. 2953.08(G)(2).

{¶ 19} A review of the record reveals that the trial court made only two of the three findings required under R.C. 2929.14(C)(4) before it imposed consecutive sentences. The trial court did find that consecutive service is necessary to protect the public from future crime and to punish the offender. It also made a specific finding that consecutive sentences are not disproportionate to the seriousness of Bever's conduct and the danger he poses to the public. However, the trial court failed to find that at least one of the factors in R.C. 2929.14(C)(4), subsection (a), (b), or (c) applied.

{¶ 20} The trial court came close to finding that R.C. 2929.14(C)(4)(b) applied, when it stated: "The –there are multiple offenses; these are sex offenses and they're his own children." However, the trial court's commentary contained no language regarding whether the harm caused by the multiple offenses "was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

{¶ 21} Moreover, the trial court's error was not corrected by its inclusion of the necessary statutory findings in its sentencing entry. *See Stamper*, 2013-Ohio-5669, at ¶¶ 24-26. " '[T]he findings required by R.C. 2929.14(C)(4) must be made on the record at sentencing prior to imposing consecutive sentences.' " *Id*. at ¶ 25, quoting *State v. Wilson*, 8th Dist. Cuyahoga No. 97827, 2012-Ohio-4159, ¶ 13.

{¶ 22} Because the trial court did not make all of the R.C. 2929.14(C)(4) findings on the record prior to imposing consecutive sentences, we find that its imposition of consecutive sentences was contrary to law. Accordingly, Bever's sole assignment of error is sustained.

{¶ 23} We hereby vacate the portion of the trial court's judgment imposing consecutive sentences and remand this matter to the trial court for resentencing. *See State v. Corker*, 10th Dist. Franklin Nos. 3AP-264, 13AP-265, & 13AP-266, 2013-Ohio-5446, ¶ 38 ("[W]hen the trial court fails to articulate the appropriate findings required by R.C. 2929.14(C)(4), the case is to be remanded for the trial judge to consider whether consecutive sentences are appropriate under [R.C. 2929.14(C)(4)] and, if so, to enter the proper findings on the record."). The remainder of the trial court's judgment is affirmed.

JUDGMENT AFFIRMED IN PART,
VACATED IN PART,
AND CAUSE REMANDED.

Harsha, J., concurring in judgment only:

{¶24} The error assigned for our review is based upon a claim that sentence is contrary to law because the court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences.  In other words, the appeal falls within the classification set forth in R.C. 2953.08(A)(4) and is thus subject to the standard of review proscribed in R.C. 2953.08(G)(2).  However, like the concurring opinion of Judge Froelich in *State v. Rodeffer*, 2nd Dist. Nos. 25574, 25575 and 25576, 2013-Ohio-5759, ¶ 45, I question whether the *Kalish* analysis remains viable in the appropriate circumstances.  Fortunately, we need not decide that issue here.

## JUDGMENT ENTRY

It is ordered that the trial court's JUDGMENT BE AFFIRMED IN PART, VACATED IN PART, and CAUSE REMANDED for proceedings consistent with this decision.  Appellee shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment Only with Opinion.
McFarland, J.: Concurs in Judgment Only.

For the Court

By:_____
Marie Hoover, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.