[Cite as *State v. Walters*, 2014-Ohio-4966.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case Nos.   13CA33 |
| | : | 13CA36 |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| BRANDON S. WALTERS, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 10/31/14** |

_____

APPEARANCES:

Jay S. Willis, Willis Legal Services, LLC, Portsmouth, Ohio, for Appellant.

James E. Schneider, Washington County Prosecuting Attorney, and Amy Graham, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Brandon Walters appeals his convictions in the Washington County Court of Common Pleas after he entered pleas of guilty to two separate, unrelated charges as part of an agreed plea arrangement. Walters pled to burglary, a felony of the third degree in violation of R.C. 2911.12(A)(3), and illegal assembly of chemicals, a felony of the second degree, in violation of R.C. 2925.041(A)(C). On appeal, Walters contends the judgment of the trial court should be reversed because: (1) the trial court failed to follow Crim.R.32(A)(4), and imposition of consecutive sentences

violated R.C. 2929.14; and (2) Walters received ineffective assistance of counsel. Upon review, we find no merit to his assignments of error. Accordingly, we overrule both assignments of error and affirm the judgment of the trial court.

FACTS

{¶2} The Washington County Grand Jury indicted Brandon Walters (Appellant) on November 1, 2012, on a two-count indictment for burglary, count one, a felony of the third degree, and safecracking, count two, a felony of the fourth degree. This indictment arose from an incident alleged to have occurred on or about April 27, 2012. The victim in the case was Appellant's mother. Appellant was arraigned on both charges on December 28, 2012, and entered not guilty pleas to both counts. The case number assigned to the indictment was 12-CR-309. Appellant was represented by counsel on behalf of the Public Defender's Office in Washington County.

{¶3} On May 31, 2013, Appellant was again indicted by the Washington County Grand Jury on a two-count indictment for illegal manufacture of drugs, a felony of the first degree, and illegal assembly of chemicals, a felony of the second degree. This second indictment arose from two separate incidents alleged to have occurred on or about October 23, 2012 for the first felony, and on April 19, 2013, for the second felony.

Appellant was arraigned on these charges on June 3, 2013.  The case number assigned to the second indictment was 13-CR-146.  Appellant entered pleas of not guilty to both counts.  He was again represented by counsel from the Public Defender's Office.

{¶4} On June 7, 2013, Appellant entered pleas of  guilty to count one, the burglary count, a violation of R.C. 2911.12(A)(3), in case number 12-CR-309 and illegal assembly of chemicals, count two, a violation of R.C. 2925.041(A)(C), in case number 13-CR-146.  In exchange for the guilty pleas, the remaining two counts of the indictments were dismissed by the prosecution.  The plea agreement did not include an agreed sentence.  Appellant was also represented by the Public Defender's Office at this hearing.  A presentence investigation was conducted and a report was prepared prior to sentencing which occurred on August 8, 2013.

{¶5} At the sentencing hearing, the court's recording equipment malfunctioned and the beginning of the hearing was not recorded.  The transcript of the hearing begins in mid-sentence as Appellant's attorney, Eric Fowler, concluded statements on behalf of Appellant.  The "Journal Entry: Sentencing Hearing" filed August 22, 2013 in case number 12CR309, and filed separately on the same date in case number 13CR146, reveal Appellant was ordered to a definite term of imprisonment of two years on the burglary

count, and a definite period of three years on the illegal assembly count.

The court also ordered that the time imposed in the 13CR146 case was to be

served consecutively to the time imposed in the 12CR309 case. In the

aggregate, Appellant received a definite term of imprisonment of five years.[1]

{¶6} Appellant has timely appealed his convictions. The cases have

been consolidated. An Agreed App.R. 9(C) Statement was filed by the trial

court detailing as much of the missing portion of the sentencing as possible.

Where relevant, additional facts are contained in the body of this opinion.[2]

ASSIGNMENTS OF ERROR

I. THE TRIAL COURT FAILED TO FOLLOW CRIMINAL
RULE 32(A)(4), AND IMPOSITION OF CONSECUTIVE
SENTENCES IN THESE CASES VIOLATED ORC 2929.14,
AND IS NOT SUPPORTED BY THE RECORD.

II. THE PERFORMANCE OF TRIAL COUNSEL WAS
DEFICIENT AND DEPRIVED APPELLANT OF THE
RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL
GUARANTEED BY THE SIXTH AND FOURTEENTH
AMENDMENTS TO THE UNITED STATES
CONSTITUTION AND SECTION 10, ARTICLE I OF THE
OHIO CONSTITUTION.

ASSIGNMENT OF ERROR ONE

A. STANDARD OF REVIEW

---

[1] Appellant was also to receive credit for 111 days already served.
[2] Appellee agrees with the statement of the case and statement of facts as set forth by Appellant.

{¶7} R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4); or (2) the sentence is otherwise clearly and convincingly contrary to law. *State v. Bever,* 4th Dist. Washington No. 13CA21-2014-Ohio-600, ¶14.

## B. LEGAL ANALYSIS

### 1. Statutory "seriousness" factors.

{¶8} Under Appellant's first assignment of error, he claims the trial court's findings that the burglary charge was a serious offense do not comply with Crim.R. 32(A)(4). Appellant points out there was no agreement or request for restitution by his mother, the victim. Crim.R. 32(A) provides nine statutory seriousness factors, pursuant to R.C. 2929.12. The ones relevant to this case are set forth as follows:

> "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
>
> (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
> (6) The offender's relationship with the victim facilitated the offense."

{¶9} The transcript of the sentencing hearing reveals the trial court

began imposing sentence by stating:

> "Okay. Let the record reflect that the Court is holding this
> sentencing pursuant to the dictates of 2929.19, that Mr. Walters
> has been afforded all of his rights, pursuant to Criminal Rule
> 32. The Court has considered the record, the oral statements
> made in open court this date, the pre-sentence investigation
> report, the principles and purposes of sentencing set forth in
> 2929.11, and the seriousness and recidivism factors set forth in
> 2929.12.
>
> * * *
>
> "Seriousness factors, there was economic harm to the victim
> and it was his mother, so the relationship with the victim
> facilitated the offense of burglary. Less serious, none of those
> factors are present."

{¶10} The sentencing entry reads as follows:

> "[B] The Court FINDS the following factors are present which
> make this crime more serious than the norm:
> (1) The Defendant caused economic harm to the victim;
> (2) The Defendant's relationship to the victim facilitated the
> offense, the mother was the victim in the Burglary.
> [C] The Court FINDS that there are no factors present which
> make this crime less serious than the norm.

{¶11} Here, two seriousness factors were present. One factor is the

"relationship to the victim," which in this case, was mother and son.

Another factor is the "economic harm." The Appellant deprived his mother

of $1,800.00. Appellant makes much of the fact that no restitution was

requested. However, that is often the case when family members are victims

of crime.  Just because a family member does not make a request for restitution does not also mean the victim experienced no deprivation or economic harm.

{¶12}  Also, the trial court is entitled to consider "any other relevant factor * * * indicating that the offender's conduct is more serious than conduct normally constituting the offense." *State v. Forney*, 2nd Dist. Champaign No. 2012-CA-37, 2013-Ohio-3034, ¶13; R.C. 2929.12(B).  We do not know what "other relevant factor" the trial court may have considered.  However it is possible the trial court considered as "any other relevant factor" that the victim likely suffered mental harm, psychological harm, lack of trust, or fear of personal safety due to the knowledge that her son's drug problem was so severe that he would resort to stealing from her. Based upon our review, we agree with the trial court's findings that the burglary charge was a serious offense.  As such, we find the record does clearly and convincingly support the court's findings as to the seriousness of Appellant's crime.

2. The presentence investigation.

{¶13}  Appellant also argues the trial court's sentence contradicts the recommendations in the presentence investigation report.  He points out the presentence investigation report found no factors present making either of

the charges against him more serious offenses. However, we note a trial court is not bound by the recommendations contained in a presentence investigation report. *State v. Krause,* 5th Dist. Richland No. 2004-CA-74, 2005-Ohio-1058, ¶11; *State v. Gavin,* 2nd Dist. Montgomery No. 20783, 2005- Ohio-4738, ¶5. A presentence investigation report is one of various factors for consideration when imposing sentence. *Krause, supra.* Here, the trial court stated at the outset that the presentence investigation report had been considered. The trial court was not bound by the recommendations of the presentence investigation report. As such, even though the presentence investigation report's recommendations contradict the trial court's findings that the burglary charge was a serious offense, we cannot agree that the trial court's sentence was clearly and convincingly contrary to law.

2. Consecutive sentences.

{¶14} R.C. 2929.14(C)(4) sets forth certain findings that a trial court must make prior to imposing consecutive sentences. *Id*., citing *State v. Black,* 4th Dist. Ross No. 12CA3327, 2013-Ohio-2105, ¶¶56-57. that is, under Ohio law, unless the sentencing court makes the required findings set forth in R.C. 2929.14(C)(4), there is a presumption that sentences are to run concurrently. *Bever, supra,* citing *Black* at ¶ 56; R.C. 2929.41(A).

{¶15}  Under R.C. 2929.14(C)(4), a sentencing court must engage in a

three-step analysis and make certain findings before imposing consecutive

sentences. *Bever, supra,* at ¶16; *Black,* at ¶57; *State v. Clay,* 4th Dist.

Lawrence No. 11CA23, 2013-Ohio-4649, ¶64; *State v. Howze*, 10th Dist.

Franklin Nos. 13AP-386 & 13AP-387, 2013-Ohio-4800, ¶18.  Specifically,

the sentencing court must find that (1) "the consecutive service is necessary

to protect the public from future crime or to punish the offender"; (2)

"consecutive sentences are not disproportionate to the seriousness of the

offender's conduct and to the danger the offender poses to the public"; and

(3) one of the following:

> (a)  The offender committed one or more of the multiple
> offenses while the offender was awaiting trial or sentencing,
> was under a sanction imposed pursuant to section 2929.16,
> 2929.17, or 2929.18 of the Revised Code, or was under post-
> release control for a prior offense.
>
> (b)  At least two of the multiple offenses were committed as
> part of one or more courses of conduct, and the harm caused by
> two or more of the multiple offenses so committed was so great
> or unusual that no single prison term for any of the offenses
> committed as part of any of the courses of conduct adequately
> reflects the seriousness of the offender's conduct.
>
> (c)  The offender's history of criminal conduct demonstrates
> that consecutive sentences are necessary to protect the public
> from future crime by the offender. *Bever, supra,* at ¶16; R.C.
> 2929.14(C)(4).

{¶16}  While the sentencing court is required to make these findings,

it is not required to give reasons explaining the findings. *Bever, supra*, at ¶16; *Howze* at ¶18; *State v. Stamper,* 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶23. R.C. 2929.14 clearly states the trial court may impose a consecutive sentence if it "finds the statutorily enumerated factors." *State v. Williams,* 5th Dist. Licking No. 11-CA-115, 2012-Ohio-3211, ¶47. Furthermore, the sentencing court is not required to recite any "magic" or "talismanic words" when imposing consecutive sentences. *Bever, supra,* at ¶17; *Clay* at ¶64; *Howze* at ¶18; *Stamper* at ¶23. However, it must be clear from the record that the sentencing court actually made the required statutory findings. *Bever* at ¶17; *Clay* at ¶64; *Howze* at ¶18; *Stamper* at ¶23. A failure to make the findings required by R.C. 2929.14 (C)(4) renders a consecutive sentence contrary to law. *Bever* at ¶17; *Stamper* at ¶23; *State v. Nia,* 8th Dist. Cuyahoga No. 99387, 2013-Ohio-5424, ¶22. The findings required by the statute must be separate and distinct findings; in addition to any findings relating to the purposes and goals of criminal sentencing. *Bever* at ¶17; *Nia* at ¶22. Appellant also argues the trial court made no factual findings to support a conclusion that the harm caused by two or more multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the

courses of conduct adequately reflected the seriousness of the offender's conduct. This factual finding would relate to R.C. 2929.14(C)(3)(b).

{¶17}  In *State v. Baker,* 4th Dist. Athens No. 13CA18, 2014-Ohio-1967, Baker asserted the trial court clearly and convincingly violated R.C. 2929.14(C)(4) and Crim.R. 32(A)(4) by imposing consecutive sentences without making the required statutory findings. We reiterated that it is not necessary for the trial court to use "talismanic words in each step of [the] analysis to comply with RC. 2929.14(C)(4); but it must be clear from the record that the trial court actually made the required findings." *Baker, supra,* at ¶37; (internal citations omitted.). Our review in *Baker* indicated the trial court, before it imposed sentence, stated "Okay, the Court's considered the principals and purposes of sentence. The pre-sentence investigation…" At this point, the trial court discussed the specific details of the home invasion and assault of an elderly woman. Our review also indicated in the sentencing entry, the trial court stated it considered "principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12." The trial court further specified it considered "the factors under R.C. 2929.13." However, we observed "notably absent" from the trial court's sentencing entry was any indication

that the court considered the factors in R.C. 2929.14(C)(4).  That is not the

case here.

{¶18}  The transcript here reveals as follows:

"On the count, 12 CR309, burglary, this Court will impose a
sentence of two years on that.  On the 123CR145 (sic), illegal
assembly of chemicals, a second degree felony, the Court will
impose a sentence of three years.  They will run consecutive, so
in the aggregate, it will be five years. * * *"

The trial court specifically stated:

"Consecutive sentences are necessary to protect the public from
future crime and are not disproportionate to the seriousness of
Mr. Walters' conduct.

They are a part of separate courses of conduct and his criminal
history demonstrates that consecutive sentences are necessary
to protect the public from future crime."

{¶19}  Here the trial court stated "consecutive sentences are necessary

to protect the public from future crime," as required pursuant to R.C.

2929.14(C)(4)(1).  The judge also stated [consecutive sentences] "are not

disproportionate to the seriousness of Mr. Walters' conduct," as required

pursuant to R.C. 2929.14(C)(4)(2).  In making the required finding pursuant

to R.C. 2929.14(C)(4)(3), the trial court utilized the language of R.C.

2929.14 (C)(4)(3)(c) by stating  "his criminal history demonstrates that

consecutive sentences are necessary to protect the public from future crime,"

instead of making a finding pursuant to either R.C. 2929.14(C)(4)(3)(a) or

(b).

{¶20} The required findings for consecutive sentences pursuant to

R.C. 2929.14(C)(4) are also contained in the journal entry in case number 12

CR 309, which states:

> "The Court further FINDS:
> (1) Imposition of consecutive sentences is necessary to protect
> the public from future crime or to punish the offender.
>
> (2) Imposition of consecutive sentences is not disproportionate
> to the seriousness of the offenders conduct and to the danger the
> offender poses to the public.
>
> (3) Harm so great or unusual that a single term does not
> adequately reflect seriousness of the conduct.
>
> (4) Offender's criminal history shows that consecutive terms
> are needed to protect the public."

{¶21} The language in journal entry, case number 13CR146 is

identical. In both the transcript of the sentencing hearing and the journal

entries, the trial court made the required findings, but was not required to

give reasons explaining the findings. See *Bever, supra,* at ¶16. We find no

merit to Appellant's argument. As such, we find the trial court's imposition

of consecutive sentences is not clearly and convincingly contrary to law.

Based on the above, Appellant's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

## A.  STANDARD OF REVIEW

{¶22}  Criminal defendants have a right to counsel, including a right to the effective assistance from counsel. *McMann v. Richardson,* 397 U.S. 759, 770, 90 S.Ct. 1441 (1970); *State v. Stout,* 4th Dist. No. 07CA5, 2008-Ohio-1366, ¶21.  To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); *State v. Issa,* 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Goff,* 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998).  "In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation.  To show prejudice, the defendant must show a reasonable probability that, but for counsel's error, the result of the proceeding would have been different."  *State v. Conway,* 109 Ohio St.3d 412, 2006 Ohio-2815, 848 N.E.2d 810, ¶95 (citations omitted).  "Failure to establish either element is fatal to the claim."  *State v. Jones,* 4th Dist. No. 06CA3116, 2008-Ohio-968, ¶14.  Therefore, if one element is dispositive, a court need not analyze both. *State v. Madrigal,* 87 Ohio St.3d 378, 389, 721 N.E.2d 52

(2000) (stating that a defendant's failure to satisfy one of the elements "negates a court's need to consider the other").

{¶23} When considering whether trial counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* "A properly licensed attorney is presumed to execute his duties in an ethical and competent manner." *State v. Taylor,* 4th Dist. No. 07CA1, 2008-Ohio-482, ¶10, citing *State v. Smith,* 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. *State v. Gondor,* 112 Ohio St.3d 377, 2006 Ohio-6679, 860 N.E.2d 77, ¶62; *State v. Hamblin,* 37 Ohio St.3d 153, 524 N.E.2d 476 (1988).

{¶24} To establish prejudice, a defendant must demonstrate that a reasonable probability exists that but for counsel's errors, the result of the trial would have been different. *State v. White,* 82 Ohio St.3d 15, 23, 693 N.E.2d 772 (1998); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373

(1989), at paragraph three of the syllabus.  Furthermore, courts may not simply assume the existence of prejudice, but must require that prejudice be affirmatively demonstrated. See *State v. Clark,* 4th Dist. No. 02CA684, 2003-Ohio-1707, ¶22; *State v. Tucker,* 4th Dist. No. 01CA2592 (Apr.2, 2002); *State v. Kuntz,* Ross App. No. 1691 (Feb. 26, 1992).  There are countless ways to provide effective assistance in any given case; therefore, judicial scrutiny of counsel's performance must be highly deferential. *State v. Ward,* 6th Dist. Ottawa No. OT-13-001, 2014-Ohio-426, ¶28, citing *State v. Bradley,* 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), citing *Strickland* at 689.

## B.  LEGAL ANALYSIS

{¶25}  In the second assignment of error, Appellant contends he was rendered ineffective assistance of counsel because he was counseled to accept a plea bargain with no agreed sentence and gave up his right to a fair trial.  Specifically, Appellant points out that his counsel filed only these pleadings on his behalf in case number 13-CR-146:

1.  Motion to Preserve Evidence, June 4, 2013

2.  Request for Discovery, June 6, 2013

3.  Request to Prosecutor for Evidence Notice and Bill of Particulars, June 6, 2013

{¶26} Appellant argues no Bill of Particulars was ever filed and the State never answered the Request for Discovery. Therefore, Appellant did not have the benefit of knowing what evidence was going to be presented against him, nor a specific statement of the facts alleged. Appellant points out his counsel was only involved in 13-CR-146 for four days, from the arraignment date until he was counseled to change his plea. Appellant had no evidence to review and he gave up his right to trial. He was counseled to enter a plea bargain without a stated sentence. Appellant argues prejudice is clear and a reasonable probability exists that, but for counsel's errors, Appellant could have had a trial or, at the least, been allowed sufficient time to review the evidence and negotiate for a better plea bargain.

{¶27} In response, Appellee points out Appellant fails to mention that counsel was appointed to represent him in case number 12-CR-309 several months before, prior to the second indictment.[3] The pleading docket in case number 12-CR-309 demonstrates that the following pleadings were filed on behalf of Appellant in this case:

1. Motion to Preserve Evidence, November 5, 2012

2. Request to Prosecutor for Evidence, Notice and Bill of

---

[3] Appellee attached "Appendix C" to its brief, a letter from the assistant prosecuting attorney to Appellant's trial counsel dated May 21, 2013, which indicates a copy of the file concerning Appellant's involvement in the manufacture of methamphetamine was provided and, essentially, contains a "proposed resolution" to resolve the four charges contained in both indictments. We observe, however, that this correspondence was not filed in the trial court, and is not properly part of the record on appeal, as provided by App.R. 9. As such, we will not consider Appendix C.

Particulars, November 7, 2012

3. Request for Discovery, November 7, 2012

4. Motion to Preserve Evidence, January 3, 2013

5. Request for Discovery, January 3, 2013

{¶28} The record also reflects a response to the Request for

Discovery was filed on January 9, 2013.

{¶29} Our review of the transcript reveals this detailed exchange

regarding Appellant's plea took place between Appellant and the trial court:

THE COURT:  Now, it's my understanding, Mr. Walters, that it is
your present intention to plead guilty to Count 1, burglary, in the 309
case, which is a third degree felony as I've described, and Count 2, the
second degree felony, illegal assembly of chemicals or possession of
chemicals for the manufacture of drugs, a second degree felony, in the
146 case.  Is that correct sir?

THE DEFENDANT:  Yes, Your Honor.

THE COURT: Okay.   Do you understand you're not required to
plead guilty and you can make the State of Ohio prove its case, even if
you believe you have no defense to this charge?  Do you understand
that?

THE DEFENDANT:  Yes, Your Honor.

* * *

THE COURT:  Like I've told you in the past, I want you to have  a
full understanding of this.  If you have a question or don't understand
something, interrupt me, get my attention, and I'll do my best to
explain things.  You're never going to be criticized for asking
questions.  And at any time, if you want to talk to Attorney Fowler,
just say, I want to talk to my lawyer.  If you want to talk privately,

we'll make arrangements to do that.  So, if you have a question, you don't understand something, or you want to talk to your lawyer, will you let me know?

THE DEFENDANT:  Yeah.

{¶30}  The trial court went on to explain the maximum sentences, the maximum fines, and the loss of driving privileges, pursuant to the sentencing statute.  The trial court also explained what the State of Ohio needed to prove in order to convict Appellant.   He also questioned Appellant's trial counsel as to whether or not he had informed Appellant of the elements of the offenses which he was charged, the defenses possibly available to him, and his state and federal constitutional rights.  Counsel gave an affirmative response.  The trial court then apprised Appellant of his state and federal constitutional rights.  Regarding Appellant's trial counsel, the court questioned:

THE COURT:  Okay.  Do you personally acknowledge that he's informed you and advised you on the matters I asked him about?

THE DEFENDANT:  Yes.

THE COURT:  Has he answered all you questions?

THE DEFENDANT:  Yes, Your, Honor.

THE COURT:  Are you satisfied with his services and his advice?

THE DEFENDANT:  Yes.

THE COURT:  Now, I've been rattling on up here, trying to explain the nature of the charge, the elements and the penalty provisions. Have you understood everything I've said so far?

THE DEFENDANT:  Yes.

Specifically, the trial court stated:

THE COURT:  Okay.  Once again, 12CR309 Count 1 is burglary, a third degree felony in violation of 2911.12(A)(3).  13CR146, Count 2, is illegal assembly of chemicals or possession of chemicals for the manufacture of drugs, second degree felony in violation of 2925.041(A) & (C).  The maximum stat- - statutory penalty is $25,000 in fines, 11 years in prison, followed by five years of no driving. Even if it's not mandatory, I can make these sentences consecutive.   * * * You understand everything I've said?

THE DEFENDANT:  Yeah.  * * *

THE COURT:  Yeah, Now, I'm not saying I'll give you the minimum.  I'm not saying I'll give you the maximum.  And I'm not saying I'll run them consecutive or I won't, but you're not eligible for community control. * * *If you plead guilty, will your plea be voluntary, of your own free will and accord?

THE DEFENDANT:  I'm sorry. What was that?

THE COURT:  If you plead guilty, will your plea be voluntary, of your own free will and accord?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Is there a plea agreement, Attorney Rings?

MR. RINGS:  Judge, the Defendant will plead guilty * * *Count 1 in 309 and Count 2 in 13CR146.  The State will dismiss the other remaining charges in these two indictments.

THE COURT:  Okay.  Is that the plea agreement, Attorney Fowler?

MR. FOWLER:  That was my understanding, Your Honor. * * *

THE COURT:  I and I alone will decide your sentence.  I will consider all the factors contained in Chapter 2929 of the Revised Code. I'll have a pre-sentence investigation.  But you could end up getting the maximum sentence.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.  * * *

{¶31}  The trial court next advised Appellant of his rights to trial to confront witnesses against him, to remain silent, and to subpoena witnesses on his behalf.  He asked Appellant if he needed to talk to his counsel and he asked if Appellant understood the rights he was giving up.  He then asked Appellant that he would be giving up his right to be presumed innocent until proven guilty beyond a reasonable doubt.  He also apprised Appellant he had a right to a preliminary hearing and Appellant declined the hearing.  The trial court asked Appellant if he wanted a jury trial or court trial in either of the cases and Appellant declined.  Appellant entered his pleas of guilty and the prosecutor read the stipulated factual bases.  The trial court gave Appellant a chance to back out of the guilty plea, to which Appellant replied "Yeah, I'll stick with the guilty pleas."  The trial court again asked Appellant if he understood the proceedings and Appellant responded affirmatively.

{¶32}  In *State v. Hayes,* 10th Dist. Franklin No. 08AP-233, 2009-Ohio-1100, the appellant raised an ineffective assistance claim for her counsel's alleged failure to negotiate an agreed or recommended sentence

from the state. The appellate court noted there was no evidence in the record indicating why counsel was unable to do so. Id., at ¶25. The court mused it was possible that the prosecutor was unwilling to negotiate with appellant's counsel and concluded that, in the absence of evidence in the record, appellant had not demonstrated that trial counsel acted deficiently by the omission. *Id.* The court went on to note that appellant also could not demonstrate prejudice from the failure to negotiate an agreed or recommended sentence, because a trial court is not restricted by a sentencing recommendation. *Id.,* at ¶25, citing *State v. Zamora*, 3rd Dist. Paulding No. 11-07-04, 2007-Ohio-6973, at ¶19; *State v. McGhee*, 3rd Dist. Shelby No. 17-06-05, 2006-Ohio-5162, at ¶ 24; *State v. Lamson,* 5th Dist. Muskingum No. CT06-0064, 2007-Ohio-3098, at ¶8. The *Hayes* court reiterated that even if trial counsel and the prosecutor could have agreed on a recommended sentence, the trial court was not required to accept that recommendation. *Id.,* at ¶26. See, also, *State v. Murray,* 4th Dist. Pickaway No. 04CA30, 2005-Ohio-2225, ¶20.

{¶33} In *State v. Scott,* 12th Dist. Madison No. CA2010-06-012, 2010-Ohio-5056, the appellate court held defense counsel who secured a favorable plea agreement did not provide ineffective assistance even if defendant received the maximum penalties for the crimes to which he pled

guilty. The court noted through negotiation, trial counsel managed to have an aggravated murder charge reduced to voluntary manslaughter, a first degree felony, with a maximum sentence of ten years and negotiated dismissal of an aggravated robbery charge. *Id.* at ¶10. The court rejected other arguments on this issue and concluded that there was no evidence that trial counsel's representation fell below an objective standard of reasonable representation. *Id.* at ¶11.

**{¶34}** We feel this case is similar to *State v. Miller,* 4th Dist. Pickaway No. 13CA5, 2014-Ohio-1803. There, Miller pled guilty to breaking and entering and theft charges. On appeal, he argued the trial court erred in sentencing him to the maximum on each count and in sentencing him to consecutive sentences. This court noted the parties apparently reached a plea agreement whereby appellant would plead guilty to the aforementioned counts in exchange for the dismissal of four other counts. Our opinion set for the colloquy occurring between the court and counsel wherein the prosecutor set forth his understanding of the plea agreement as follows:

> "Thank you, your honor my understanding is that Mr. Miller is going to be pleading guilty to counts five and six * * * both of these are f-5's.[Defense counsel] indicates Mr. Miller wants to go forward with sentencing today, *recommend twelve months consecutive on each sentence,* dismiss the balance of those charges. (Emphasis added.)"

{¶35} Defense counsel verified that was the agreement. The trial court further asked appellant if he understood that the State would ask for the maximum penalty that "would total of twenty-four months," to which Appellant answered in the affirmative. The trial court then sentenced appellant to serve twelve months on each count, ordered the sentence to be served consecutively, and dismissed the remaining counts. On appeal, we noted that appellant was aware that multiple, consecutive sentences could be imposed. We stated:

> "[I]f not explicitly part of the plea agreement, appellant at least implicitly signaled his willingness to accept that punishment in exchange for the dismissal of the four remaining counts. Appellant cannot be heard not to complain about a sentence that he willingly accepted."

{¶36} The same is true in the case sub judice. The two indictments against Appellant were resolved pursuant to a plea arrangement. While Appellant had two counts pending, another two-count indictment was filed against him. He was facing substantial terms of imprisonment had he proceeded to trial on the four charges. The plea agreement allowed Appellant to plead to two counts in return for the dismissal of two counts. This was a benefit to the Appellant.

{¶37} Furthermore, the transcript reveals the trial court discussed at

length with Appellant, the federal and state constitutional rights he was giving up by entering pleas and not taking the matters to trial. It appears that at least four times, Appellant indicated he understood the proceedings and the rights he was giving up. He indicated he was satisfied with his counsel's performance. He was even given an opportunity to back out of the plea and he stated "I'll stick with the guilty pleas."

**{¶38}** We do not find counsel's performance to be deficient because Appellant now complains he had no evidence to review and gave up his trial rights. We must not speculate that prejudice exists simply because Appellant now speculates that he could have negotiated a different sentence. We do not know what his motivation was for entering pleas only four days after counsel became involved in the second indictment. However, the record reveals Appellant's rights were clearly explained to him and he was well aware of the possibility of receiving maximum and consecutive sentences. We do not find Appellant was rendered ineffective assistance of counsel. As such, we overrule the second assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. and Hoover, J.: Concur in Judgment and Opinion.

For the Court,


BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**