The STATE of Ohio, Appellee,

v.

WILDMAN, Appellant.

[Cite as *State v. Wildman*, 185 Ohio App.3d 346, 2009-Ohio-6986.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–08–061.

Decided Dec. 31, 2009.

Paul A. Dobson, Wood County Prosecuting Attorney, and Gwen Howe–Gebers, Chief Assistant Prosecuting Attorney, for appellee.

Wendell R. Jones, for appellant.

ABOOD, Judge.

{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas in which appellant, William Wildman, was found guilty on one count of illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041(A), a felony of the third degree.

{¶ 2} In support of his appeal, appellant sets forth two assignments of error.

## FIRST ASSIGNMENT OF ERROR

{¶ 3} "The trial court erred to the prejudice of appellant by denying his motion to suppress evidence and in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Constitution of the State of Ohio."

## SECOND ASSIGNMENT OF ERROR

{¶ 4} "The permissions to search granted by appellant and his wife should be found involuntary under the totality of the circumstances, and evidence gathered from that search should have been suppressed."

{¶ 5} The facts that are relevant to the issues raised on appeal are as follows. On July 12, 2007, officers from the Ohio Department of Natural Resources, Division of Wildlife, obtained a warrant to search appellant's residence, at 126 Venango Street, Cygnet, Ohio, for evidence of violations of various fishing laws. During the search, they discovered what appeared to be marijuana plants located in various parts of the residence. While still in appellant's home, the officers contacted the Wood County Deputy Sheriff's Department and advised them of the suspected marijuana. Sheriff's deputies arrived on the scene and presented appellant with a permission-to-search form and a waiver-of-Miranda-rights form. Appellant signed both forms.

{¶ 6} On August 2, 2007, appellant was indicted by the Wood County Grand Jury on a single count of illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041(A), a felony of the third degree. At arraignment, appellant pleaded not guilty. On December 10, 2007, appellant filed a motion to suppress, which, following a hearing on March 4, 2008, was found not well taken and was denied. On July 8, 2008, appellant appeared and entered a plea of no contest to the single count in the indictment. On September 2, 2008, appellant was sentenced to three years of community control, a mandatory fine of $5,000, and 300 hours of community service.

{¶ 7} Appellant argues in support of his first assignment of error that the trial court erred, in violation of his constitutional rights, when it denied his motion to suppress. Specifically, appellant argues that the affidavit upon which the search warrant was issued was fatally flawed and the evidence seized following the execution of the warrant should have been suppressed.

{¶ 8} The Fourth Amendment to the United States Constitution, applied to the states by way of the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Section 14, Article I of the Ohio Constitution contains an almost identical provision.

{¶ 9} "A neutral and detached magistrate may issue a search warrant only upon the finding of probable cause." *State v. Gilbert,* 4th Dist. No. 06CA3055, 2007-Ohio-2717, 2007 WL 1600367, ¶ 13, citing *United States v. Leon* (1984), 468

U.S. 897, 914–915, 104 S.Ct. 3430, 82 L.Ed.2d 677; Crim.R. 41(C). An affidavit in support of a search warrant must "particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located." Crim.R. 41(C).

{¶ 10} In evaluating an affidavit for the sufficiency of probable cause, an issuing magistrate must apply a "totality-of-the-circumstances" test. *State v. George* (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph one of the syllabus, citing *Illinois v. Gates* (1983), 462 U.S. 213, 238–239, 103 S.Ct. 2317, 76 L.Ed.2d 527. The magistrate must "make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id., quoting *Gates* at 238–239, 103 S.Ct. 2317.

{¶ 11} In *George,* the Supreme Court of Ohio articulated the standard of review for a determination of probable cause based on an affidavit in support of a search warrant. A reviewing court should "ensure that the magistrate had a substantial basis for concluding that probable cause existed" and should not substitute its judgment for that of the magistrate. Id., at paragraph two of the syllabus, citing *Gates.* The reviewing court "should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." Id.

{¶ 12} In this case, appellant argues that the affidavit in support of the search warrant does not satisfy the probable-cause requirement for two reasons: (1) nothing in the affidavit indicates how appellant's address was obtained or confirmed and (2) the information contained in the affidavit was stale. This court will first examine appellant's assertion that nothing in the affidavit indicates how his home address, at 126 Venango Street, Cygnet, Ohio, was obtained or confirmed.

{¶ 13} In obtaining the search warrant, the officers presented a ten-page affidavit, which set forth in considerable detail an account of their year-long investigation into appellant's fishing activities. As to the address to be searched, however, the affidavit states that the items they were searching for "are being kept in, 126 Venango St. Cygnet, Ohio (a blue two story home with white trim) in that portion of the premises of which William D. Wildman, has possession, control or use," and later that "in the residence, including cartilage, outbuildings and vehicles associated with the premises, commonly known as 126 Venango St., Cygnet, Ohio (a blue two story home with a white trim) there is now being concealed certain property * * *."

{¶ 14} This court notes that at the hearing on the motion to suppress, there was testimony that the officers had confirmed appellant's address by running appellant's license plate and by driving by the address and seeing appellant's vehicles at the property. For some reason, however, that information was not set forth in the affidavit that was used to obtain the search warrant.

{¶ 15} Upon review of the affidavit in its entirety, this court can conclude only that although the information contained in the affidavit particularly described the place to be searched, it failed to provide any information as to how appellant's address was obtained or confirmed and, therefore, failed to provide the factual basis for the affiant's belief that contraband would be located at that place.

{¶ 16} In accordance with the foregoing, this court finds that the issuing magistrate did not have a substantial basis for concluding that probable cause existed to search the home for which the warrant was issued. See *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph two of the syllabus.

{¶ 17} This court must next determine whether the "good faith exception" to the exclusionary rule will apply to uphold the admissibility of the evidence obtained from the search. See *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3430; *State v. Wilmoth* (1986), 22 Ohio St.3d 251, 22 OBR 427, 490 N.E.2d 1236. The exclusionary rule does not bar the use of evidence gathered by officers acting in "objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." *State v. George*, 45 Ohio St.3d at 330, 544 N.E.2d 640.

{¶ 18} The good-faith exception does not apply where a warrant is "so facially deficient * * * that the executing officers cannot reasonably presume it to be valid." Id. at 331, 544 N.E.2d 640, quoting *United States v. Leon*, 468 U.S. at 923, 104 S.Ct. 3430.

{¶ 19} Here, because the affidavit does not provide a basis upon which probable cause could be found to search the premises at 126 Venango Street, the officers' belief that probable cause existed to search that property was unreasonable. The officers' testimony at the motion-to-suppress hearing as to how they determined that the Venango Street address was appellant's residence does not change the analysis. "[An] officer cannot claim good faith reliance on a search warrant based on less than probable cause where he has failed to place in the affidavit information known to him that would support probable cause. The officer's reliance on the warrant can be objectively reasonable only if his belief that the affidavit contains facts sufficient to create probable cause is itself objectively reasonable." *State v. Klosterman* (1996), 114 Ohio App.3d 327, 333, 683 N.E.2d 100.

{¶ 20} In accordance with the foregoing, this court finds appellant's first assignment of error well taken.

{¶ 21} Appellant argues in his second assignment of error that the permission-to-search forms that he and his wife signed while the search warrant was being executed were not signed voluntarily. When, as here, a defendant's consent is obtained after illegal police activity, "[t]he consent will be held voluntary only if there is proof of an unequivocal break in the chain of illegality sufficient to dissipate the taint of the prior illegal action." *State v. Retherford* (1994), 93 Ohio App.3d 586, 602, 639 N.E.2d 498, citing *Florida v. Royer*, 460 U.S. 491, 501, 103 S.Ct. 1319, 75 L.Ed.2d 229. Factors to consider in determining whether the consent is sufficiently removed from the taint of the illegal police activity include the length of time between the illegal activity and the subsequent search, the presence of intervening circumstances, and the purpose and flagrancy of the misconduct. See *United States v. Richardson* (C.A.6, 1991), 949 F.2d 851, 858; see also *Brown v. Illinois* (1975), 422 U.S. 590, 603–604, 95 S.Ct. 2254, 45 L.Ed.2d 416; *State v. Retherford.*

{¶ 22} In this case, the consents of appellant and his wife were obtained immediately following the "protective sweep" of the premises at 126 Venango Street, with no significant time lapse between the execution of the faulty warrant and the request to search. A short temporal gap between unlawful police activity and a defendant's consent to search weighs heavily against a finding that the consent was an act of free will sufficient to purge the taint of the earlier police conduct. See *State v. Torres*, 6th Dist. No. L–07–1306, 2008-Ohio-2090, 2008 WL 1921741, ¶ 21.

{¶ 23} Further, there were no intervening circumstances that might have served to attenuate the connection between the illegal execution of the search warrant and the ultimate discovery of the contraband. The entire incident occurred during the execution of the search warrant. A lack of intervening circumstances, like a lack of a substantial temporal gap, between unlawful police activity and a defendant's consent to search weighs heavily against a finding that a defendant's consent was sufficient to purge the taint of the unlawful seizure. See *State v. Torres* at ¶ 22.

{¶ 24} Upon consideration of the record of proceedings in the trial court and the law, this court finds that the trial court erred in finding that appellant's consent to search was voluntary, and appellant's second assignment of error is well taken.

{¶ 25} For all of the foregoing reasons, the judgment of the Wood County Court of Common Pleas is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

SINGER and OSOWIK, JJ., concur.

CHARLES D. ABOOD, J., retired, of the Sixth District Court of Appeals, sitting by assignment.