[Cite as *State v. Kubat*, 2015-Ohio-4062.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

Appellee

v.

Thomas E. Kubat

Appellant

Court of Appeals No. S-13-046

Trial Court No. 12CR1069

**DECISION AND JUDGMENT**

Decided: September 30, 2015

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney,
and Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Andrew R. Mayle, Jeremiah S. Ray and Ronald J. Mayle,
for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal from the denial in part of appellant Thomas Kubat's

motion to suppress evidence seized as a result of the execution of three search warrants

issued against him, and from the sentence imposed on his conviction of five counts of

unlawful sexual conduct with a minor following a plea of no contest. For the reasons that follow, the judgment of the trial court is affirmed in part and vacated in part.

{¶ 2} The undisputed facts relevant to the issues raised on appeal are as follows. On July 17, 2012, the Sandusky County Sheriff's Office received a call reporting possible sexual assault on the caller's minor daughter ("victim"). Responding officers spoke to the victim and her mother. The victim, then age 14, reported having a sexual relationship with appellant, then 33 years old, since August or September 2011. She reported that most of the conduct occurred in a pole barn located at appellant's residence but that some took place in local motels. The most recent activity occurred on July 15 and 16, 2012. The victim also reported that, on multiple occasions, appellant had told her to send him nude photographs of herself using a cell phone he provided her, which she did. The victim provided officers with appellant's full name and stated that appellant sometimes picked her up at her home in a black Dodge Durango or a small silver vehicle.

{¶ 3} The following day, July 18, 2012, two search warrants were prepared and signed by a judge for the purpose of searching appellant's home and obtaining a DNA specimen. The body of the first warrant contained a six-paragraph summary of specific allegations supporting probable cause for a search of appellant's residence. The body of the second warrant contained additional allegations relating to the victim having submitted to a rape kit with DNA swabs collected. Both warrants described a "black and plaid blanket" upon which appellant and the victim had engaged in sexual intercourse multiple times.

2.

{¶ 4} On August 16, 2012, a third warrant was prepared and signed by the judge. The warrant ordered a forensic examination of the computer systems seized pursuant to the July 18 warrant. This warrant was to expire pursuant to its terms on October 16, 2012. The search was to be performed by Detective Dec with the forensic unit of the Toledo Police Department. The record reflects that Detective Dec submitted his report on January 21, 2013, over three months later than the expiration date specified in the warrant.

{¶ 5} On September 12, 2012, appellant was indicted on 11 counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A)(3) and 11 counts of rape in violation of R.C. 2907.02(A)(2). Appellant entered pleas of not guilty and was released on personal recognizance with the requirement that he wear a GPS unit. On February 8, 2013, the indictment was amended to reflect three counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1) and 13 counts of unlawful sexual conduct with a minor. Appellant again entered pleas of not guilty to all counts.

{¶ 6} On March 15, 2013, appellant moved to suppress all evidence seized as a result of the three warrants. As to the first warrant, prepared by Detective David Meyer, appellant asserted that it was deficient in several respects. First, appellant argued that the affidavit gave no indication how the affiant officer concluded that the address identified as 2819 Buchanan Road, Fremont, Ohio, was associated with appellant or why the affiant believed the items listed would probably be located at that address. Appellant asserted that omission alone would invalidate the warrant under our decision in *State v. Wildman*,

3.

185 Ohio App.3d 346, 2009-Ohio-6986, 923 N.E.2d 1240 (6th Dist.). Additionally, appellant argued that there was no showing that evidence of the crimes under investigation would be found inside any of the computer or electronic devices listed. Appellant also asserted that there was no showing in the affidavit that appellant owned any of the devices listed and no showing of probable cause that the items were kept at the Buchanan Road address. Finally, as to the first warrant, appellant noted that a sleeping bag was seized when the affidavit listed a blanket.

{¶ 7} Next, appellant asserted that officers took a DNA swab without a warrant to do so but that "if there was a warrant," it failed to specify why appellant would be found at the Buchanan Road address, which is where the buccal swab was taken. Finally, appellant asserted as to the computer equipment seized that the search occurred outside the 60-day window and was therefore a warrantless search.

{¶ 8} A hearing was held on the motion on April 25, 2013. By judgment entry filed May 13, 2013, the trial court granted the motion to suppress as to the warrant to search appellant's computer equipment based on the expiration of the time limit set forth in the warrant. As to the first two warrants, the motion to suppress was denied. The trial court stated that, in analyzing those warrants, it made its decision based on "practical common sense" that there was a fair probability contraband or other evidence of a crime would be found at the Buchanan Road address. The trial court noted that the victim described sexual intercourse which had occurred with appellant on a plaid and black blanket in the pole barn located at appellant's residence and at other locations. The trial

4.

court found that the affidavits upon which the warrants were based contained adequate information regarding the circumstances giving rise to the officers' beliefs that evidence or contraband would be found at that address. Further, the trial court noted that the defendant's address had been verified pursuant to a LEADS search and the information passed on to the affiant. The trial court also stated that the affiant noted the presence at the residence of appellant's vehicle according to the information given him by the department. The trial court concluded that there was a sufficient showing in the four corners of the affidavit for the issuing judge to find the existence of probable cause.

{¶ 9} On October 17, 2013, appellant entered pleas of no contest to five counts of unlawful sexual conduct with a minor (Counts 5, 6, 13, 14 and 15 of the indictment), all third-degree felonies in violation of R.C. 2907.04(A)(3). The pleas were accepted and appellant was adjudged guilty. On December 4, 2013, appellant was sentenced to five years imprisonment on each count. The trial court ordered the sentences for Counts 5 and 6 to be served concurrently. Counts 13, 14 and 15 were ordered served concurrently and consecutive to the sentence for Counts 5 and 6, for an aggregate term of ten years.

{¶ 10} In support of his appeal, appellant sets forth the following four assignments of error:

> I. First assignment of error: Because the affidavit underlying the applicable search warrant failed to explain how appellant's address was obtained or confirmed – and therefore failed to provide the factual basis for the affiant's belief that contraband would be located at that place – the trial

5.

court erred in not suppressing all items seized during execution of the search warrant at appellant's home.

II. Second assignment of error: The lead investigator's affidavit in support of the DNA search warrant failed to factually justify the bodily intrusion upon appellant and therefore the trial court erred in failing to suppress the buccal swab taken by police from appellant's mouth.

III. Third assignment of error: The trial court's consecutive sentence was unlawful because the court never found that a consecutive sentence would not be disproportionate to either the seriousness of the appellant's conduct or the danger appellant poses to the public.

IV. Fourth assignment of error: The trial court erred in imposing consecutive sentences upon a finding arising under R.C. 2929.14(C)(4)(b) because that provision does not apply to this case.

{¶ 11} In support of his first assignment of error, appellant asserts, as he did in his motion to suppress, that Detective Meyer failed to explain in his affidavit how appellant's address was obtained. Appellant argues that the omission compels reversal under this court's decision in *State v. Wildman, supra*. Appellant asserts *Wildman* holds that a search warrant affidavit must explain how a residential address sought to be searched was obtained or confirmed and that, if it does not, suppression is mandatory.

{¶ 12} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes

the role of trier of fact and is, therefore, in the best position to resolve factual questions and evaluate witness credibility. *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). A disputed motion to suppress judgment supported by competent, credible evidence must not be disturbed. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982).

{¶ 13} It is undisputed that the affidavit in this case does not contain language stating how the officers obtained appellant's home address—the address contained in the warrant. However, the affidavit does clearly set forth valuable information provided by the victim and her mother, which must not be discounted. The affidavit sets forth the victim's full name and age. She was 14 at the time the affiant interviewed her—old enough to reliably report the full name of the person she claimed had sexual intercourse with her 80 to 100 times for nearly one year, and whom she had known previously. Affiant stated that he interviewed the minor child's mother, who advised she found a credit card issued to Thomas E. Kubat in her daughter's bedroom. Mother told affiant that Kubat was the father of one of her daughter's friends. The detective stated in the affidavit that he interviewed the victim, who told him that she had been engaging in sexual conduct with Thomas Kubat since August or September 2011. The victim stated that most of the conduct occurred in the weight room located in a pole barn at appellant's residence. The victim advised that they sometimes used a black and plaid blanket when they engaged in sexual activity. She further stated that appellant sometimes picked her

7.

up in a black Dodge Durango or a small silver vehicle. All of the foregoing information was included in the affidavit.

{¶ 14} Appellant argues that there is a fatal gap in the affidavit's content. To argue, however, that without that information there was absolutely no basis upon which probable cause could be found to search the premises at 2819 Buchanan Road is in this case unreasonable, especially in light of the aforementioned details provided by the victim. We note also that appellant does not challenge the victim's veracity or the basis of her knowledge.

{¶ 15} "A neutral and detached magistrate may issue a search warrant only upon the finding of probable cause." *State v. Gilbert*, 4th Dist. Scioto No. 06CA3055, 2007-Ohio-2717, ¶ 13, citing *United States v. Leon*, 468 U.S. 897, 914-915, 104 S.Ct. 3405, 82 L.Ed.2d 67 (1984); Crim.R. 41(C). In evaluating an affidavit for probable cause, an issuing magistrate must apply a "totality-of-the-circumstances" test. *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph one of the syllabus, citing *Illinois v. Gates*, 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The magistrate must "make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.*, quoting *Gates* at 238-239.

{¶ 16} In *George, supra*, the Supreme Court of Ohio articulated the standard of review for a determination of probable cause based on an affidavit in support of a search

8.

warrant. Pursuant to *George*, a reviewing court should "ensure that the magistrate had a substantial basis for concluding that probable cause existed" and should not substitute its judgment for that of the magistrate. *Id.* at paragraph two of the syllabus, citing *Gates, supra*. Further, the reviewing court "should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *Id.*

{¶ 17} Having acknowledged the applicable standard of review, we turn to appellant's argument that the affidavit was flawed because it did not indicate how officers located appellant's address. In support of his claim, appellant relies on our decision in *Wildman, supra*, 185 Ohio App.3d 346, 2009-Ohio-6986, 923 N.E.2d 1240. In *Wildman*, this court reviewed the appellant's claim that the affidavit in support of a search warrant executed on his home did not satisfy the probable-cause requirement in part because nothing in the affidavit indicated how his address was obtained or confirmed. Appellant asserts that *Wildman* is directly analogous. In *Wildman*, the affidavit in support of one of the search warrants failed to set forth that officers confirmed appellant's address by running his license plate and driving by the address where they saw his vehicles. This court concluded that:

> [A]lthough the information contained in the affidavit particularly described
> the place to be searched, it failed to provide any information as to how
> appellant's address was obtained or confirmed and, therefore, failed to

9.

provide the factual basis for the affiant's belief that contraband would be located at that place.  *Id*. at ¶ 15.

{¶ 18} This court determined in *Wildman* that the issuing magistrate did not have a substantial basis for concluding that probable cause existed to search the home for which the warrant was issued and that the officers' beliefs that probable cause existed to search the property was unreasonable.  *Wildman* further stated that an officer's reliance on a warrant can be objectively reasonable only if his belief that the affidavit contains facts sufficient to create probable cause is itself objectively reasonable.  *Id*. at ¶ 19, citing *State v. Klosterman*, 114 Ohio App.3d 327, 323, 683 N.E.2d 100 (2d Dist.1996).

{¶ 19} Upon consideration, we now determine that the decision in *Wildman* must be limited to the facts of that particular case.  While respectful of our prior decision, we now apply the relevant law to the specific circumstances and language of the affidavit in this case.  As the United States Supreme Court instructed in *George, supra*, and *Gates, supra*, the appropriate test is essentially a totality of the circumstances test.  Additionally, and most importantly, we emphasize that *Wildman* does *not* stand for the sweeping proposition that in all cases where an affidavit fails to indicate how the address to be searched was ascertained and determined to be associated with the defendant said affidavit is flawed and must be suppressed.

{¶ 20} In *Leon, supra*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 67, wherein the United States Supreme Court reversed an appellate court's decision affirming a grant of

10.

motions to suppress evidence, the Supreme Court emphasized the importance of applying the reasonableness standard when a search warrant is challenged. *Leon* holds:

> Suppression remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth, or if the issuing magistrate wholly abandoned his detached and neutral judicial role. Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *Id.* at paragraph one of the syllabus.

{¶ 21} Of course, in some circumstances, an officer will have no reasonable grounds for believing that a warrant was properly issued. Such is not the case here. Rather than focus on what *was not* in the affidavit here, we look at what *was* contained therein: appellant's full name, as provided by the victim, and as seen on the credit card found in the victim's bedroom; statements made by the victim alleging 80-100 instances of sexual conduct with appellant over a period of approximately one year; the victim's statements that most of the sexual conduct occurred in the weight room in a pole barn at appellant's residence, and the victim's statement that appellant would sometimes pick her up in a black Dodge Durango or a small silver vehicle.

{¶ 22} In summary, our decision in *Wildman* must be interpreted as being limited to the facts of that case and based on the totality of circumstances which existed therein.

11.

Further, we find that in this case, based on the information contained in Detective Meyer's affidavit as set forth above, the issuing judge had a substantial basis for concluding, based on the totality of the circumstances, that probable cause existed to search appellant's property located at 2819 Buchanan Road, Fremont, Ohio. Additionally, we find that the officer's belief that the affidavit contained facts sufficient to create probable cause was itself objectively reasonable. It certainly would have been a better practice had the officer explicitly identified the Buchanan Road location as appellant's residence and further specified his basis for the identification. Nevertheless, in considering the totality of the circumstances and in our review of the four corners of the affidavit, there is a substantial and reliable evidentiary basis to support a reasonable inference that the listed address on Buchanan Road was appellant's residence and that the affiant had received the address from the victim, who was intimately familiar with the location. *See, e.g., State v. Koen*, 152 P.3d 1148 (Alaska 2007).

{¶ 23} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 24} In support of his second assignment of error, appellant asserts that the affidavit in support of the warrant for the DNA search did not factually justify the bodily intrusion and that the buccal swab taken by police therefore should have been suppressed. Appellant argues that any reasonable police officer would have known not to rely on the warrant for the buccal swab for the same reasons explained in connection with his first assignment of error.

12.

{¶ 25} Appellant further asserts that Detective Meyer's affidavit did not state whether the police had other DNA evidence with which appellant's DNA profile could be compared. When asked at the suppression hearing whether the police had in their possession anything with which to compare appellant's DNA sample, the detective stated that they had some of the victim's clothing, which would be examined by BCI. He explained the obvious—that if there was DNA found on the clothing it could be compared to appellant's DNA sample. Appellant appears to argue, without support, that the police were not entitled to collect a DNA sample of appellant pursuant to warrant unless they already had in their possession an identified sample of his DNA from another source. This argument has no merit.

{¶ 26} The affidavit in support of the warrant stated that "[o]n or about July 18, 2012, [the victim] was transported to the hospital and a rape kit and associated swabs were obtained." The fact that any evidence obtained from the rape kit had not yet been analyzed at the time the warrant was served (that same day) and was not yet available for comparison should not be used to invalidate the warrant. From his experience as a police officer, and based on information contained in the affidavit which included the victim's description of the 80-100 instances of sexual conduct with appellant Thomas E. Kubat, Detective Meyer reasonably concluded that probable cause existed to execute a search warrant and obtain appellant's DNA sample.

{¶ 27} Accordingly, appellant's second assignment of error is not well-taken.

13.

{¶ 28} In his third assignment of error, appellant asserts that his consecutive sentences were unlawful because the trial court did not find that a consecutive sentence would not be disproportionate to either the seriousness of appellant's conduct or the danger appellant poses to the public.

{¶ 29} R.C. 2953.08(G)(2) specifies two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4); or (2) the sentence is otherwise clearly and convincingly contrary to law. The appellate court's standard of review is not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2).

{¶ 30} While the trial court need not quote the statute verbatim, the R.C. 2929.14(C)(4) findings must be made in the sentencing entry. Furthermore, the findings that the trial court makes in its sentencing entry must be supported by the record from the sentencing hearing. R.C. 2953.08(G)(2)(a). Thus, R.C. 2929.14(C)(4) requires that the trial court make the following findings: (1) that the consecutive sentence is necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct; and (3) that one of the circumstances listed in R.C. 2929.14(C)(4)(a)-(c) applies.

{¶ 31} Pursuant to R.C. 2929.14(C)(4)(a-c), the trial court must find one of the following:

14.

The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [* * *], or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that the consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4).

{¶ 32} Accordingly, pursuant to the first prong of R.C. 2953.08(G)(2), we must look at R.C. 2929.14(C)(4), which sets forth certain findings that a trial court must make prior to imposing consecutive sentences. Under R.C. 2929.14(C)(4), the sentencing court must engage in a three-step analysis and make certain findings as set forth above before imposing consecutive sentences. *State v. Bever*, 4th Dist. Washington No. 13CA21, 2014-Ohio-600 (citations omitted).

{¶ 33} While the sentencing court is required to make these findings, it is not required to give reasons explaining the findings. *Bever*, *supra*, at ¶ 17, citations omitted. However, it must be clear from the record that the sentencing court actually made the

15.

required statutory findings. *Id.* A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Id.*

{¶ 34} In the case before us, a review of the record reveals that the trial court made only two of the three findings required under R.C. 2929.14(C)(4) before it imposed consecutive sentences. The trial court did find that consecutive sentences were necessary to punish appellant. It also found, pursuant to R.C. 2929.14(C)(4)(b), that "at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses was so great that no single prison sentence for any of the offenses committed adequately reflects the seriousness of the offender's conduct." However, the trial court did not find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public * * *." *See* R.C. 2929.14(C)(4).

{¶ 35} Because the trial court did not make all of the R.C. 2929.14(C)(4) findings on the record prior to imposing consecutive sentences, we find that its imposition of consecutive sentences was contrary to law. Accordingly, appellant's third assignment of error is well-taken.

{¶ 36} Finally, we address appellant's fourth assignment of error. Appellant argues that the trial court's finding pursuant to R.C. 2929.14(C)(4)(b) that at least two of the multiple offenses were committed as part of one or more courses of conduct was in error because no two offenses in this case were tied to a common course of conduct; thus,

16.

appellant asserts, R.C. 2929.14(C)(4)(b) cannot be applied.  (R.C. 2929.14(C)(4)(a) and (c) do not apply here.)

{¶ 37} Appellant has failed to demonstrate how the disputed language in his sentencing judgment entry was contrary to law—i.e., how at least two of the multiple offenses of unlawful sexual conduct with a minor (between 80 and 100 separate acts, according to the victim) committed over a period of a year were somehow not tied to one or more courses of conduct.  There is no evidence in the record to support appellant's claim and, accordingly, appellant's fourth assignment of error is not well-taken.

{¶ 38} Upon consideration of the foregoing, we hereby vacate that portion of the trial court's judgment imposing consecutive sentences and remand this matter to the trial court for resentencing.  *See State v. Corker*, 10th Dist. Franklin Nos. 13AP-264, 13AP-265 and 13AP-266, 2013-Ohio-5446, ¶ 38 ("[W]hen the trial court fails to articulate the appropriate findings required by R.C. 2929.14(C)(4), the case is to be remanded for the trial judge to consider whether consecutive sentences are appropriate under [R.C. 2929.14(C)(4)] and, if so, to enter the proper findings on the record.").  The remainder of the trial court's judgment is affirmed.  The costs of this appeal shall be shared equally amongst the parties pursuant to App.R. 24.

Judgment affirmed, in part,
and vacated, in part.

17.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.      _____
                                       JUDGE

Arlene Singer, J.          

Thomas J. Osowik, J.      _____
CONCUR.                                           JUDGE

                                          _____
                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.