[Cite as *State v. Green*, 2017-Ohio-45.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-16-010

    Appellee                                Trial Court No. 15 CR 585

v.

Kalyn R. Green                                   **DECISION AND JUDGMENT**

    Appellant                               Decided:  January 6, 2017

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney,
and Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Matthew P. Mundrick, for appellant.

* * * * *

**JENSEN, P.J.**

{¶ 1} This is an appeal filed pursuant to *Anders v. California*, 386 U.S. 738, 87

S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Defendant-appellant, Kalyn R. Green, appeals the

February 5, 2016 judgment of the Sandusky County Court of Common Pleas, convicting

her of aggravated trafficking in drugs and illegal assembly of chemicals for manufacture

of drugs, and sentencing her to an aggregate prison term of five years. For the reasons that follow, we affirm the trial court's judgment, and we grant counsel's accompanying motion to withdraw as counsel for Green.

## I. Background

{¶ 2} On July 2, 2015, defendant-appellant, Kalyn R. Green, was indicted on two counts of aggravated trafficking in drugs, illegal assembly of chemicals for manufacture of drugs, illegal manufacture of drugs, two counts of endangering children, and engaging in a pattern of corrupt activity. On February 5, 2016, Green entered a plea of guilty to one count of aggravated trafficking in drugs, a violation of R.C. 2925.03(A)(1)(C)(1)(b), a third-degree felony (Count 2), and one count of illegal assembly of chemicals for manufacture of drugs, a violation of R.C. 2925.041(A), a second-degree felony (Count 3). The remaining charges were dismissed. Green was sentenced on February 5, 2016, to a prison term of 24 months on Count 2 and three years on Count 3, to be served consecutively to each other but concurrently with a sentence imposed by the Seneca County Court of Common Pleas. She was also sentenced to three years' postrelease control and a one-year driver's license suspension. Her conviction and sentence were memorialized in a judgment entry journalized on February 5, 2016.[1]

---

[1] Green initially entered her plea on December 21, 2015, and her sentence was imposed on February 1, 2016, and memorialized in a February 1, 2016 judgment entry. The court vacated the plea and conducted a second plea and sentencing hearing on February 5, 2016, however, because of an error in the original plea documents.

2.

**{¶ 3}** Appellate counsel was appointed for Green, and a notice of appeal was timely filed. After reviewing the record, however, counsel has determined the appeal to be wholly frivolous and requests permission to withdraw as counsel under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

**{¶ 4}** *Anders* and *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978), set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In *Anders*, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he should so advise the court and request permission to withdraw. *Anders*, 386 U.S. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Furthermore, counsel must furnish his client with a copy of the brief and request to withdraw from representation, and allow the client sufficient time to raise any matters that he or she chooses. *Id.*

**{¶ 5}** Once these requirements are satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

3.

**{¶ 6}** Here, counsel has identified two potential assignments of error:

(1) [W]hether the trial court erred when it failed to reasonably make statutorily necessary findings before imposing consecutive sentences and instead adopted the prior sentencing that the court had vacated; and

(2) [W]hether the trial court erred by failing to comply with Ohio Crim.R. 11 in accepting appellant's plea.

## II. Law and Analysis

### A. First Potential Assignment of Error

**{¶ 7}** Green's first potential assignment of error suggests that the trial court failed to make the necessary findings before imposing consecutive sentences. Counsel has concluded that the potential assignment of error is without merit.

**{¶ 8}** R.C. 2929.14(C)(4) provides as follows:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

* * *

**{¶ 9}** The trial court made the following findings at the February 1, 2016 sentencing hearing:

The consecutive sentence is necessary to protect the public from future crime or to punish the offender. I think since this was a meth lab and there was a child present, I – I think that's pretty serious, and I think we need to punish you for that, ma'am, so I'm going to find that this is No. 1.

It's not disproportionate to the serious (sic) of the conduct and I think it's a serious problem in our community having meth labs, especially in the Bellevue area, so I'll find No. 2 is important, and I also need to find No. 3 is that you committed an offense while you were waiting under Community Control sanction, or, actually, you were on diversion, so you were already with probation when you committed the crime, and I think that also causes this to be part of the consecutive findings.

**{¶ 10}** Green suggests that the trial court merely adopted these findings when it resentenced her on February 5, 2016, instead of making these findings anew. Our review of the transcript from the resentencing hearing demonstrates, however, that the trial court made the appropriate findings to justify consecutive sentences at the February 5, 2016 hearing. The court explained:

5.

The sentence will be – I want to read it right, two years for count 2, and three years for count 3, and those will run consecutive to one another, and I made the findings on the consecutive. They're necessary to protect the public, punish the offender. The consecutive sentences are not disproportionate to the seriousness of the offender's conduct or danger the offender poses to the public, and she committed multiple offenses while under Community Control supervision with this court.

{¶ 11} While the trial court provided more details in support of its findings during the first sentencing hearing, the transcript makes clear that it made the required findings at the second sentencing hearing as well. While the sentencing court is required to make findings under R.C. 2929.14(C)(4) before imposing consecutive sentences, it is not required to give reasons explaining the findings. *State v. Kubat*, 6th Dist. Sandusky No. S-13-046, 2015-Ohio-4062, ¶ 33. The court made the required findings. Accordingly, we find the first potential assignment of error not well-taken.

### B. Second Potential Assignment of Error

{¶ 12} Green's second potential assignment of error suggests that the trial court failed to comply with Crim.R. 11(C) in accepting her plea. Again, counsel has concluded that this potential assignment of error is without merit.

6.

**{¶ 13}** Crim.R. 11(C) provides, in pertinent part:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶ 14}** As we explained in *State v. Rinehart*, 6th Dist. Wood No. WD-11-030, 2013-Ohio-3372, ¶ 17-18:

The underlying purpose of Crim.R. 11(C) is to insure that certain information is conveyed to the defendant which would allow him or her to make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). With respect to constitutional rights, a trial court must strictly comply with the dictates of Crim.R. 11(C). *State v. Colbert*, 71 Ohio App.3d 734, 737, 595 N.E.2d 401 (11th Dist.1991). However, a trial court need not use the exact language found in that rule when informing a defendant of his constitutional rights. *Ballard, supra, paragraph two of the syllabus*. Rather, a trial court must explain those rights in a manner reasonably intelligible to the defendant. *Id.*

For nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted. *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 15} We have carefully reviewed the transcript from the plea hearing and we conclude that in accepting Green's plea, the trial court strictly complied with the constitutional aspects of Crim.R. 11(C) and substantially complied with the non-

8.

constitutional aspects of that rule. Accordingly, we find Green's second potential assignment of error not well-taken.

## C. *Anders*

{¶ 16} In accordance with *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, appointed counsel has requested permission to withdraw from this case. He has certified that he made a conscientious review of the court file, found the appeal to be wholly frivolous, filed a brief on Green's behalf identifying potential assignments of error, and mailed the brief to Green along with a letter explaining to her that she has the right to file her own brief. Green has not filed a brief of her own.

{¶ 17} In addition, we have conducted our own independent review of the record and we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit, and wholly frivolous. Counsel's motion to withdraw is found well-taken and is, hereby, granted.

## III. Conclusion

{¶ 18} The February 5, 2016 judgment of the Sandusky County Court of Common Pleas is affirmed, and counsel's motion to withdraw from Green's representation is granted. Green is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

9.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____
                                                       JUDGE

Stephen A. Yarbrough, J.

                                          _____
James D. Jensen, P.J.                                  JUDGE
CONCUR.

                                          _____
                                                       JUDGE