[Cite as *State v. Burnsworth*, 2020-Ohio-5365.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. H-20-002 |
| Appellee | Trial Court No. CRI 2019-0571 |
| v. | |
| Thomas Marion Burnsworth, Jr. | **DECISION AND JUDGMENT** |
| Appellant | Decided: November 20, 2020 |

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney, and
Melissa A. Angst, Assistant Prosecuting Attorney, for appellee.

Sarah A. Nation, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Thomas M. Burnsworth, Jr., appeals the January 10, 2020 judgment of the Huron County Court of Common Pleas, sentencing him to an aggregate prison term of ten years following his conviction on two counts of sexual battery. For the reasons that follow, we affirm the trial court's judgment.

## I.  Background

{¶ 2} On June 28, 2019, Thomas M. Burnsworth, Jr., was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(b) and (B), a first-degree felony (Count 1); one count of rape in violation of R.C. 2907.02(A)(2) and (B), a first-degree felony (Count 2); one count of gross sexual imposition in violation of R.C. 2907.05(A)(1) and (C)(1), a fourth-degree felony (Count 3); three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) and (C)(2), each a third-degree felony (Counts 4, 5, and 7); one count of gross sexual imposition in violation of  R.C. 2907.05(B) and (C)(2), a third-degree felony (Count 6); and two counts of sexual battery in violation of R.C. 2907.03(A)(1)(B), each a second-degree felony (Counts 8 and 9).  The conduct giving rise to the charges occurred over a three-year period.  The victim of each count was Burnsworth's stepsister. Burnsworth was appointed counsel and appeared before the trial court on July 17, 2019. He entered a not guilty plea to all counts.

{¶ 3} On November 12, 2019, Burnsworth appeared for a final pretrial.  The trial court was advised that appellant and the state had entered into a plea agreement under which appellant would plead guilty to the sexual battery charges alleged in Counts 8 and 9 and the state would request dismissal of all remaining counts.  Burnsworth then entered a guilty plea in accordance with the agreement.  On January 8, 2020, the trial court sentenced Burnsworth to a mandatory five-year prison term on each count.  The trial court ordered the sentences imposed to be served consecutively for an aggregate prison sentence of ten years.  The trial court also imposed mandatory postrelease control for a

2.

term of five years and ordered appellant to pay all costs.  The trial court dismissed the remaining counts at the state's request and its judgment entry was journalized the following day.

{¶ 4} Burnsworth timely appeals and asserts the following error for our review:

> 1.  The trial court failed to give proper consideration to the sentencing factors set forth in R.C. 2929.14 for consecutive sentences in the sentencing of the appellant.

## II.  Law and Analysis

{¶ 5} We review felony sentences under R.C. 2953.08(G)(2).  *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20.  We may increase, modify, or vacate and remand a trial court's imposition of consecutive sentences only if we clearly and convincingly find that:  (1) "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, * * *" or (2) "the sentence is otherwise contrary to law."  *Id.*, citing R.C. 2953.08(G)(2).

{¶ 6} Burnsworth argues that the trial court's order to serve his sentences consecutively is contrary to law because the trial court failed to make any statements supporting the necessary findings under R.C. 2929.14(C)(4) to impose consecutive sentences.  R.C. 2929.14(C)(4) provides as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is

3.

necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 7} This statute requires the trial court to make three statutory findings before imposing consecutive sentences. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26. It must find (1) that consecutive sentences are necessary to protect the public or to punish the offender; (2) that consecutive sentences are not disproportionate to

4.

the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) that R.C. 2929.14(C)(4)(a), (b), or (c) is applicable. *Beasley* at ¶ 252. "[T]he trial court must make the requisite findings *both* at the sentencing hearing and in the sentencing entry." (Emphasis in original.) *Id.* at ¶ 253, citing *Bonnell* at ¶ 37. A trial court's failure to make the necessary findings under R.C. 2929.14(C)(4) renders the imposition of consecutive sentences contrary to law. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37; *State v. Kubat*, 6th Dist. Sandusky No. S-13-046, 2015-Ohio-4062, ¶ 35. In addition, the record must contain evidence to support the trial court's findings. *Bonnell* at ¶ 29, citing R.C. 2953.08(G)(2)(a).

{¶ 8} Burnsworth concedes that the trial court made the necessary findings at the sentencing hearing and incorporated those findings in its judgment entry. He argues, however, that the trial court's findings were contrary to law because it did not "make any further statements justifying the consecutive sentence." Burnsworth's argument suggests that the trial court must explain its R.C. 2929.14(C) findings when imposing consecutive sentences. This is incorrect. We previously held that "[w]hile the sentencing court is required to make findings under R.C. 2929.14(C)(4) before imposing consecutive sentences, it is not required to give reasons explaining the findings." *State v. Green*, 6th Dist. Sandusky No. S-16-010, 2017-Ohio-45 ¶ 11.

{¶ 9} Here, there is no dispute that the trial court made the proper findings at the sentencing hearing and incorporated those findings into its judgment entry. Thus, the

5.

only question for us to answer is whether the record contains evidence to support its findings. We find that it does.

{¶ 10} At the sentencing hearing, the prosecutor stated that Burnsworth began abusing his stepsister in 2014 when he was 19 years old and his stepsister was approximately 9 or 10 years old. "It began as a sexual contact by having the defendant touch the victim and the victim's genitalia then progressed to victim having to touch the defendant's genitalia." The abuse then intensified over the years. The prosecutor stated that Burnsworth admitting that he "insert[ed] his fingers into the victim's vagina on repeated occasions." The abuse was discovered when a family member observed Burnsworth "massaging [the victim's] vagina out in public." Burnsworth's attorney did not dispute the prosecutor's recitation of facts. And, as the trial court noted, the victim "has suffered serious consequences as a result" and is going through counseling to resolve resulting "psychological issues."

{¶ 11} We find that this record supports the trial court's findings, as stated at the sentencing hearing and incorporated into its judgment entry, that (1) consecutive sentences are necessary to protect the public from future crimes or to adequately punish Burnsworth; (2) consecutive sentences are not disproportionate to the seriousness of Burnsworth's conduct or the danger that he poses to the public, and (3) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by those were so great that no single prison sentence for the offenses committed here would adequately reflect the seriousness of Burnsworth's conduct, and

6.

Burnsworth's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by Burnsworth.

{¶ 12} In conclusion, the trial court made the findings required by R.C. 2929.14(C)(4), and its findings are supported by the record. *Bonnell* at ¶ 29. Accordingly, Burnsworth's sole assignment of error is found not well-taken.

### III.  Conclusion

{¶ 13} We find Burnsworth's assignment of error not well-taken.  We, therefore, affirm the January 10, 2020 judgment of the Huron County Court of Common Pleas. Burnsworth is ordered to pay the costs of this appeal pursuant to App.R.24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

7.